**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALFREDO BLANCO GAINZA,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 1:26-cv-03177-MIS-SCY

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Alfredo Blanco Gainza's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 24, 2026. The Petitioner is a nearly 61-year-old citizen of Cuba, who has resided in the United States for many years. Pet. at 6, 21. On October 31, 2011, an Immigration Judge ordered him removed and he did not appeal. Id. at 6; EOIR. Since his removal order became administratively final, Petitioner has been detained, and apparently released, by U.S. Immigration and Customs Enforcement ("ICE") several times. Pet. at 6. Petitioner has complied with reporting requirements upon being

released and has no criminal history. Id. In addition, Petitioner has serious medical conditions. Id. at 6, 20-150.

Nevertheless, sometime in 2026[1], Petitioner was detained again by ICE. Id. at 6. During the periods of detention, Respondents did not make any preparations to remove the Petitioner. Id.; see also ECF No. 7. Petitioner alleges his removal in the reasonably foreseeable future is unlikely, in large part because Cuba refuses repatriation of its citizens. Pet. at 11. Petitioner's cumulative detention has now exceeded 180 days, id. at 13, and he is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Pet. at 1.

On September 24, 2026, the Court issued an Order to Answer and Enjoining Transfer, instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Zadvydas v. Davis, 533 U.S. 678 (2001) requires relief. In addition, if the USAO opposes the Petition, its answer shall set forth all dates during which Petitioner has been detained after his removal order became administratively final." Id.

On October 7, 2026, the federal Respondents filed an "Amended Response [to the] Petition." ECF No. 7.[2] Therein, they state:

> For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. This writer, and his legal assistant, have requested information and supporting documentation from ICE, detailing Petitioner's detention, at least twice over the

---

[1] Petitioner does not allege the date his current detention began, and the Respondents have been unwilling to provide the U.S. Attorney's Office ("USAO") such information despite two requests from the USAO, see generally ECF No. 7, and the Court's Order to Show Cause in this case. ECF No. 5.

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

> preceding two weeks, and have not received any information. This writer cannot tell the Court whether or not Petitioner's claim has been previously litigated, although he lacks any information that it has. Respondent recognizes that the Court may decide to grant the Petition and award appropriate relief. Respondent submits that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).[3]

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition, indeed, their failure to provide any relevant facts or cite the correct law under which the Court should review the Petition, constitutes a concession to Petitioner's allegations that he has been detained in excess of six months since his removal order became administratively final, that the Respondents have made no preparations to effectuate his removal, and that his removal to Cuba or another country is not reasonably foreseeable and thus that he is being detained in violation of his Fifth Amendment right to due process.

---

[3] The Respondents citation to Santillan Quiroz is misplaced as Petitioner's detention is not governed by 8 U.S.C. § 1226(a), as relevant in that case, but by 8 U.S.C. § 1231(a) because his removal order is administratively final. Respondents' failure to provide information in their possession relevant to the disposition of this case and to properly address the Court's Order to Show Cause, directing them to address whether Zadvydas v. Davis, not Santillan Quiroz, required relief, is troubling.

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

Accordingly, the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present sufficient evidence to rebut that showing. See generally ECF No. 6. As such, the Court further finds that Petitioner's continued, indefinite detention violates the Immigration and Nationality Act, Zadvydas, 533 U.S. at 699, and the Fifth Amendment's Due Process Clause, Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026). Therefore, he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3), as he had been for the most part of the past 15 years.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Alfredo Blanco Gainza from custody/detention, subject to reasonable conditions of supervision under 8 U.S.C. §1231(a)(3);
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded, or (2) concrete travel plans to remove Petitioner from the United States; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE